UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HARVEY & COMPANY LLC,

                Plaintiff,

  –against–

MIDOCEAN US ADVISOR, LP,

                Defendant.
------------------------------------------------------------x

Case No. 16-cv-3553 (SHS) (JCF)

ECF Case

**ANSWER TO COMPLAINT**

Defendant MidOcean US Advisor, LP ("Defendant" or "MidOcean"), by and for its answer to the Complaint of Plaintiff Harvey & Company LLC ("Plaintiff" or "Harvey"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Paragraph 1 does not contain allegations and therefore does not require a response. To the extent a response is required, MidOcean denies the allegations in paragraph 1 of the Complaint.

2. The allegations in paragraph 2 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in Paragraph 2 of the Complaint and respectfully refers the Court to the Agreement for its content.

3. The allegations in paragraph 3 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 3 of the Complaint except admits that MidOcean acquired a successor entity to KidKraft, LP ("KidKraft") through an auction conducted by Lazard in or around July 2015.

## JURISDICTION AND VENUE

4. The allegations in paragraph 4 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

5. The allegations in paragraph 5 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean admits the allegations in Paragraph 5 of the Complaint and respectfully refers the Court to the Agreement for its content.

## THE PARTIES

6. MidOcean denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint.

7. MidOcean admits the allegations in paragraph 7 of the Complaint.

## FACTS

8. MidOcean denies the allegations in paragraph 8 of the Complaint except admits that it entered into the Agreement in August 2011 and respectfully refers the Court to the Agreement for its content.

9. The allegations in paragraph 9 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 9 of the Complaint except admits that Harvey introduced acquisition candidates to MidOcean and that KidKraft was acquired by MidOcean following the termination of the Agreement, and MidOcean respectfully refers the Court to the Agreement for its content.

10. The allegations in paragraph 10 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in Paragraph 10 of the Complaint and respectfully refers the Court to the Agreement for its content.

11. The allegations in paragraph 11 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 11 of the Complaint and respectfully refers the Court to the Agreement for its content.

12. The allegations in paragraph 12 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 12 of the Complaint and respectfully refers the Court to the Agreement for its content.

13. The allegations in paragraph 13 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 13 of the Complaint and respectfully refers the Court to the Agreement for its content.

14. The allegations in paragraph 14 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 14 of the Complaint and respectfully refers the Court to the Agreement for its content.

15. The allegations in paragraph 15 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 15 of the Complaint and respectfully refers the Court to the Agreement for its content.

16. The allegations in paragraph 16 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in Paragraph 16 of the Complaint and respectfully refers the Court to the Agreement for its content.

17. MidOcean denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint except admits that Harvey identified KidKraft as a potential acquisition candidate for MidOcean and that KidKraft did not show interest in a sale at the time.

18. MidOcean denies the allegations in Paragraph 18 of the Complaint except admits that David Basto of MidOcean wrote to Jared Perrin of Harvey requesting additional information about KidKraft and respectfully refers the Court to the referenced correspondence for its content and context.

19. MidOcean admits the allegations in Paragraph 19 of the Complaint and respectfully refers the Court to the referenced correspondence for its content and context.

20. MidOcean admits the allegations in Paragraph 20 of the Complaint and respectfully refers the Court to the referenced correspondence for its content and context.

21. MidOcean denies the allegations in Paragraph 21 of the Complaint except admits that all of the referenced communications in the Fall of 2013 concerned whether and when the parties should commence discussions concerning a potential acquisition by MidOcean of KidKraft and respectfully refers the Court to the referenced correspondence for its content and context.

22. MidOcean denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint.

23. MidOcean denies the allegations in Paragraph 23 of the Complaint except admits that KidKraft engaged in several months of deliberation before MidOcean, Harvey, and KidKraft participated in a non-substantive conference call on April 29, 2014.

24. MidOcean denies the allegations in paragraph 24 of the Complaint except admits that MidOcean notified Harvey that it was terminating the Agreement in the summer of 2014.

25. MidOcean denies the allegations in paragraph 25 of the Complaint except admits that MidOcean acquired KidKraft through an auction process conducted by Lazard, an

investment bank engaged by KidKraft, and that MidOcean announced publicly its acquisition of KidKraft on or about July 15, 2015.

26. The allegations in paragraph 26 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 26 of the Complaint and respectfully refers the Court to the referenced correspondence for its content and context.

27. The allegations in paragraph 27 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 27 of the Complaint and respectfully refers the Court to the Agreement for its content.

### COUNT I:  BREACH OF CONTRACT

28. In response to paragraph 28 of the Complaint, MidOcean incorporates by reference all prior responses.

29. The allegations in paragraph 29 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 29 of the Complaint and respectfully refers the Court to the Agreement for its content.

30. The allegations in paragraph 30 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 30 of the Complaint.

31. The allegations in paragraph 31 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 call for a legal conclusion to which no response is required. To the extent a response is required, MidOcean denies the allegations in paragraph 32 of the Complaint and respectfully refers the Court to the Agreement for its content.

## COUNT II:  SPECIFIC PERFORMANCE

33. In response to paragraph 33 of the Complaint, MidOcean incorporates by reference all prior responses.

34. The allegations in paragraph 34 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in paragraph 34 of the Complaint and respectfully refers the Court to the Agreement for its content.

35. The allegations in paragraph 35 call for a legal conclusion to which no response is required.  To the extent a response is required, MidOcean denies the allegations in paragraph 35 of the Complaint and respectfully refers the Court to the Agreement for its content.

## DEFENSES

MidOcean asserts the following defenses without assuming the burden of proof or any other burden if such burdens would otherwise be on Harvey.  MidOcean reserves the right to assert any other defenses as discovery in this litigation proceeds and counterclaims not asserted herein of which it may become aware through discovery or other investigation as may be appropriate at a later time.

### First Defense

1. The Complaint fails to state a cause of action.

### Second Defense

2. The claims in the Complaint are barred because no requisite causal connection exists between Harvey's services under the Agreement and MidOcean's acquisition of KidKraft through an action conducted by Lazard.

### Third Defense

3. The claims in the Complaint are barred by an intervening cause.

Fourth Defense

4. The claims in the Complaint are barred by Harvey's bad faith and unclean hands.

Fifth Defense

5. The claims in the Complaint are barred by Harvey's waiver, laches, acquiescence, ratification, equitable estoppel, or other related doctrines.

Sixth Defense

6. The claims in the Complaint are barred by failure of conditions precedent.

Seventh Defense

7. The damages claimed by Harvey, if any, must be offset or reduced by the damages caused by Harvey's culpable acts or failure to act and by monthly retainers paid by MidOcean to Harvey.

Eighth Defense

8. The claims in the Complaint are barred by Harvey's breaches of the Agreement.

Ninth Defense

9. The claims in the Complaint are barred, in whole or in part, because any relief or recovery would unjustly enrich or constitute a windfall to Harvey.

Tenth Defense

10. The claims in the Complaint are barred by MidOcean's termination of the Agreement.

Eleventh Defense

11. The claims in the Complaint may be barred by the doctrine of mutual mistake.

<u>Twelfth Defense</u>

12. The claims in the Complaint are barred because Harvey failed to perform the obligations necessary for it to receive a Transaction Fee or Equity Interest under the Agreement.

WHEREFORE, MidOcean respectfully requests that the Court:

    A.    Enter judgment in MidOcean's favor.

    B.    Award MidOcean its reasonable costs and fees, including attorneys' fees.

    C.    Grant MidOcean such other and further relief as the Court deems just and proper.

Dated: February 1, 2017
New York, New York

**COHEN & GRESSER LLP**

By: /s/ Daniel H. Tabak
Mark S. Cohen
mcohen@cohengresser.com
Daniel H. Tabak
dtabak@cohengresser.com
Danielle E. Perlman
dperlman@cohengresser.com
800 Third Avenue, 21st Floor
New York, New York 10022
Phone: (212) 957-7600

*Attorneys for Defendant MidOcean US Advisor, LP*

To:    **CROWELL & MORING LLP**
Alan Howard
Jared Levine
590 Madison Avenue
New York, New York 10022
Phone:  (212) 223-4000

*Attorneys for Plaintiff*
*Harvey & Company LLC*