UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
::
HARVEY & COMPANY LLC,                              :
:       Case No. 16-cv-3553 (SHS) (RWL)
                      Plaintiff,                   :
:
       -against-                                   :
:
MIDOCEAN US ADVISOR, LP,                           :
:
                      Defendant.                   :
:
------------------------------------------------------------X

## JOINT PRETRIAL ORDER

1. The full caption of the matter to be tried is:

    *Harvey & Company LLC v. MidOcean US Advisor, LP*,
    1:16-cv-03553 (SHS) (RWL)

2. The names, addresses and contact information of trial counsel are as follows:

    For Plaintiff Harvey & Company LLC ("Plaintiff" or "Harvey"):

    Alan B. Howard
    Adam R. Mandelsberg
    **PERKINS COIE LLP**

    30 Rockefeller Plaza
    New York, New York 10112
    Telephone: 212-261-6900
    Facsimile: 212-399-8002
    Email: AHoward@PerkinsCoie.com
             AMandelsberg@PerkinsCoie.com

1

For Defendant MidOcean US Advisor, LP ("Defendant" or "MidOcean"):

Mark S. Cohen
Daniel H. Tabak
**COHEN & GRESSER LLP**

800 Third Avenue, 21st Floor
New York, New York 10022
Telephone: 212-957-7600
Facsimile: 212-957-4514
Email: MCohen@CohenGresser.com
       DTabak@CohenGresser.com

Erica C. Lai
**COHEN & GRESSER LLP**
2001 Pennsylvania Avenue NW, Suite 300
Washington, DC 20006
Telephone: 202-851-2070
Facsimile: 202-851-2081
Email: ELai@CohenGresser.com

3. Plaintiff's Statement of Subject Matter Jurisdiction: This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are citizens of different states – Plaintiff is a citizen of California and Defendant is a citizen of New York, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

Defendant agrees that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

4. Plaintiff's summary of claims to be tried: Both of Plaintiff's claims, consisting of a claim for (i) breach by Defendant of the Parties' August 2011 Agreement (the "Agreement"), and (ii) specific performance of the Agreement, and in particular payment of Harvey's fee, including the grant of a 2% profits interest in the entity KidKraft Inc. ("KidKraft") retroactive to the date of MidOcean's acquisition of KidKraft in July 2015, and the option to acquire up to an additional 5% equity in KidKraft on the same terms of MidOcean's acquisition of KidKraft. The components of damage/relief sought by Plaintiff include (i) a cash Transaction Fee of $1,510,000;

2

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

(ii) pre-judgment interest on that cash Transaction Fee at the statutory rate of 9%, dating back to the July 2015 acquisition by MidOcean of KidKraft; (iii) the 2% profits interest as described above; (iv) the 5% co-invest option as described above; (v) compensation for any negative tax impact to Harvey of the delayed issuance of the profits interest and co-invest equity interest in KidKraft, including in particular any impact of higher tax rates applied to the increased value of those interests between July 2015 and the date of issuance; (vi) Plaintiff's costs and expenses incurred in this matter, including attorneys' fees and other professional fees in accordance with Section 10 of the Agreement; and (vii) such other and further relief as the Court deems just and proper.

Defendant's summary of defenses to be tried: MidOcean's five defenses to be tried are as follows: (i) Harvey is not entitled to any finder's fee because it did not directly cause MidOcean's acquisition of KidKraft; (ii) even if Harvey were entitled to a cash fee, it would have to be reduced due to retainers paid by MidOcean; (iii) MidOcean is not obligated to provide a profit interest or equity option because they are not subject to a tail provision and the KidKraft acquisition closed after the contract terminated; (iv) Harvey has not met the prerequisites for the tail provision applicable only to the cash fee; and (v) Harvey breached its non-compete obligations under the contract.

5. The case is to be tried without a jury, and the parties estimate it will take three to four trial days.

6. All parties have not consented to a trial before a magistrate judge.

7. There have been no stipulations or agreements as to any statements of fact or law, other than the following:

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

(i) Harvey and MidOcean entered into the Agreement on or about August 26, 2011; and

(ii) MidOcean acquired KidKraft for a purchase price of $120,000,000 in a transaction which closed on July 9, 2015.

8. Plaintiff's Witnesses whose testimony will be offered in Plaintiff's case in chief:

(i) David Harvey will appear live.

(ii) Jared Perrin will appear live.

(iii) William Loftis will appear live.

(iv) Daniel Penn will appear live.

(v) Johnathan Marlow will appear live.

(vi) Steven Lampert will appear by deposition.

(vii) John Peiser will appear by deposition.

(viii) Sean Daugherty will appear by deposition.

Defendant's Witnesses whose testimony will be offered in Defendant's case in chief:

(i) Jonathan Marlow will appear live.

(ii) Daniel Penn will appear live.

(iii) David Harvey will appear live.

(iv) Jared Perrin will appear live.

(v) Steven Lampert will appear by deposition.

(vi) John Peiser will appear by deposition.

(vii) Sean Daugherty will appear by deposition.

9. Plaintiff's deposition designations, counter-designations and objections to Defendant's deposition designations are annexed at Tab A. Defendant's deposition designations, counter-designations and objections to Plaintiff's deposition designations are annexed at Tab B.

4

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Case 1:16-cv-03553-SHS-RWL Document 91 Filed 12/19/18 Page 5 of 5

10. Lists of exhibits that may be offered by each party in its case in chief are annexed at Tab C.

Dated: December 19, 2018
       New York, New York

Respectfully submitted,

PERKINS COIE LLP

By: _____
ALAN B. HOWARD
ADAM R. MANDELSBERG
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-261-6900

*Attorneys for Plaintiff*
*Harvey & Company LLC*

– and –

COHEN & GRESSER LLP

By: _____
MARK S. COHEN
DANIEL H. TABAK
800 Third Avenue, 21st Floor
New York, New York 10022
Telephone: 212-957-7600

ERICA C. LAI (admitted *pro hac vice*)
2001 Pennsylvania Avenue NW
Suite 300
Washington, DC 20006
Telephone: 202-851-2070

*Attorneys for Defendant*
*MidOcean US Advisor, LP*

SO ORDERED 12/20/18

_____
SIDNEY H. STEIN
U.S.D.J.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER